Oontraots; Government-furnished material; stricter inspection standards; assumption of rish. — Plaintiff was awarded a contract to make raincoats for the Defense Personnel Support Center, defendant to furnish and plaintiff to pay for the material. Plaintiff seeks Wunderlich Act review of the decision of the contract appeals board denying its *1086 appeal, and an equitable adjustment for alleged increased costs and an allowance for the Government-furnished material. Defendant seeks judgment on its counterclaim. Plaintiff had successfully performed two previous contracts for identical raincoats, using the same specification Government-furnished material. The invitation for bids had tightened the inspection standards for the raincoats over the two prior contracts, plaintiff realizing at the time of bidding that a greater burden of quality control was being placed upon it. However, plaintiff felt that the higher quality raincoat required 'greater care in manufacture and an improved cloth, although the contract mentioned only change in quality and inspection standard. No change was made in the quality or specifications of the Government-furnished material from which the more perfect raincoats were to be made. Plaintiff completed the contract, and sought relief administratively. On June 1, 1973 the court issued the following order.
“This case comes 'before the court on plaintiff’s request for review 'by the court of the report and opinion filed on October 30, 1972, by Trial Judge C. Murray Bernhardt, under Rule 166 (c), on plaintiff’s motion, filed April 18,1972, and defendant’s cross-motion, filed August 30,1972, for summary judgment and has been submitted and considered upon the briefs of the parties and oral argument of counsel. Without adopting the trial commissioner’s opinion in its entirety, the court agrees with his conclusion that the plaintiff has no claim. As the commissioner’s opinion indicates, the pertinent findings of the Armed Services Board of Contract Appeals are supported by substantial evidence and the Board did not commit error in its interpretation of the contract. As for the claim of reformation for mutual mistake, the relevant facts found by the Board and the trial commissioner, together with the provisions of the contract, show that if there was a mistake it was a mistake the risk of which was borne !by the contractor under the contract. See Tombigbee Constructors v. United States, 190 Ct. Cl. 615, 626, 420 F.2d 1037, 1043 (1970).
“On the counterclaim, defendant admits that plaintiff has paid the principal amount of the sum claimed, but asks for interest from the date of first demand to December 13, 1971 *1087 (the date of payment). In the exercise of its discretion the court declines to award such interest.
“It is therefore ordered that plaintiff’s motion for summary judgment be and the same is denied (except with respect to defendant’s counterclaim), defendant’s cross-motion for summary judgment is granted to the extent it relates to plaintiff’s claim and plaintiff’s petition and defendant’s counterclaim are dismissed.”